JOHN C. ULIN (State Bar No. 165524)
John.Ulin@aporter.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199

LOUIS S. EDERER (*pro hac vice* to be filed)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*pro hac vice* to be filed)
Matthew.Salzmann@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Telephone: (212) 715-1000
Facsimile:  (212) 715-1399

*Attorneys for Plaintiff*
*RCRV, Inc. d/b/a Rock Revival*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| RCRV, INC. d/b/a ROCK REVIVAL, a California corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>GRACING INC. d/b/a GRACE IN LA, a California corporation, JORDAN OUTDOOR ENTERPRISES, LTD., a Georgia corporation, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10,<br><br>              Defendants. | Case No.:  2:16-cv-02829<br><br>**COMPLAINT FOR:**<br><br>(1)   Trademark Counterfeiting and Trademark Infringement in Violation of 15 U.S.C. § 1114;<br><br>(2)   False Designation of Origin in Violation of 15 U.S.C. § 1125(a);<br><br>(3)   Common Law Trademark Infringement and Unfair Competition;<br><br>(4)   Unfair Competition in Violation of California Bus. & Prof. Code §§ 17200 *et seq.* |

Plaintiff RCRV, Inc. d/b/a Rock Revival ("RCRV"), by and through its undersigned counsel, complains of defendants Gracing Inc. d/b/a Grace in LA ("Gracing"), Jordan Outdoor  Enterprises, Ltd. ("Jordan Outdoor"), XYZ Companies 1-10, and John and Jane Does 1-10 (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.    RCRV seeks injunctive relief and damages for acts of trademark counterfeiting and infringement, false designation of origin and unfair competition, engaged in by Defendants in violation of the laws of the United States and the State of California.

2.    In particular, this case concerns Defendants' willful counterfeiting and/or infringement of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark, two of RCRV's most distinctive and popular designs used on and in connection with its highly successful line of ROCK REVIVAL brand jeanswear products.

3.    After RCRV expended substantial resources marketing, promoting and selling its jeanswear products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark, and after consumers had come to recognize such design marks and associate them exclusively with RCRV, Defendants introduced inferior quality jeanswear products with substantially indistinguishable and/or confusingly similar designs that are clearly intended to call to mind the ROCK REVIVAL brand.

4.    Defendants' acts were undertaken without RCRV's consent and, upon information and belief, were deliberately conducted in bad faith so that Defendants could compete directly with RCRV and siphon off sales from RCRV's popular ROCK REVIVAL jeanswear line.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  RCRV's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the statutory and common law of the State of California.

6.      Venue is proper in this Court pursuant 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to RCRV's claims occurred within this judicial district.

## THE PARTIES

7.      Plaintiff RCRV is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 4715 S. Alameda Street, Los Angeles, California  90058.

8.      Upon information and belief, defendant Gracing is a corporation organized and existing under the laws of the State of California, having its principal place of business located at 17003 Evergreen Place, City of Industry, California 91745.  Upon further information and belief, Gracing is responsible for manufacturing, designing, creating, importing, distributing, advertising, promoting, offering for sale and/or selling the infringing products at issue in this action.

9.      Upon information and belief, defendant Jordan Outdoor is a corporation organized and existing under the laws of the state of Georgia, having its principal place of business located at 1390 Box Circle, Columbus, Georgia  31907.  Upon further information and belief, Jordan Outdoor is engaged in advertising, promoting, offering for sale and/or selling the infringing products at issue in this action.

10.     Upon information and belief, defendants Gracing and Jordan Outdoor are acting in conjunction with various business entities and individuals, denoted here as XYZ Companies 1-10 and John and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties become known, RCRV will amend the Complaint to include the names of these additional business entities and

3

individuals.

## RCRV'S BUSINESS

11.     RCRV designs, manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the ROCK REVIVAL brand name.

12.     ROCK REVIVAL brand jeanswear and denim products are sold at retail by such well-known fashion chain stores and department stores as The Buckle and Nordstrom, both in-store and online.  ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly competitive jeanswear market. Among the primary elements that distinguish ROCK REVIVAL jeanswear from its competitors are a distinctive inverted fleur-de-lis design that is embroidered or otherwise affixed onto the rear pockets of ROCK REVIVAL jeanswear, and a distinctive side arrow stitch design that is sewn into the side seam of the upper leg of ROCK REVIVAL jeanswear, each of which has come to identify RCRV as the source of such products.

## RCRV'S INVERTED FLEUR-DE-LIS DESIGN AND
## SIDE ARROW STITCH DESIGN

13.     In March 2006, RCRV's predecessor introduced two new and distinctive designs on ROCK REVIVAL brand jeanswear that were unlike anything used before in the jeanswear industry — (a) a distinctive and unique inverted fleur-de-lis design embroidered onto the rear pocket of its jeanswear (the "INVERTED FLEUR-DE-LIS DESIGN Trademark"), and (b) a distinctive and unique side arrow stitch design sewn into side seam of the upper leg its jeanswear (the "SIDE ARROW STITCH DESIGN Trademark").  Given their innovative design characteristics, the INVERTED FLEUR-DE-LIS DESIGN and SIDE ARROW STITCH DESIGN are inherently distinctive source identifiers that have become widely associated with ROCK REVIVAL brand jeanswear products.  Further, RCRV and its predecessor have continuously and exclusively used the INVERTED FLEUR-DE-LIS DESIGN and

4

SIDE ARROW STITCH DESIGN on ROCK REVIVAL jeanswear products since March 2006, to the point where such designs have become the signature designs of RCRV's business.

14.     The INVERTED FLEUR-DE-LIS DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,248,371, registered on November 27, 2012 on the Principal Register, for apparel, namely, jeans, shorts and skirts.  RCRV's registration for the INVERTED FLEUR-DE-LIS DESIGN Trademark is in full force and effect. A copy of the registration certificate for the INVERTED FLEUR-DE-LIS DESIGN Trademark, along with a photograph of the INVERTED FLEUR-DE-LIS DESIGN Trademark as used by RCRV on its ROCK REVIVAL line of jeanswear products, is attached hereto as Exhibit A.

15.     The SIDE ARROW STITCH DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,200,810, registered on September 4, 2012 on the Principal Register, for apparel, namely, jeans, shorts and skirts.  RCRV's registration for the SIDE ARROW STITCH DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the SIDE ARROW STITCH DESIGN Trademark, along with a photograph of the SIDE ARROW STITCH DESIGN Trademark as used by RCRV on its ROCK REVIVAL line of jeanswear products, is attached hereto as Exhibit B.

16.     RCRV products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark are distributed and sold in over 900 stores worldwide, including retailers such as Nordstrom and The Buckle. In addition, products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark are sold on-line through RCRV's official ROCK REVIVAL brand website, www.rockrevival.com, and through websites affiliated with RCRV's authorized retail department stores, including The Buckle and Nordstrom.

17.     In the United States, sales of RCRV's jeanswear products featuring the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark have been rapidly increasing over the past few years.  For example, sales of products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark exceeded $80 million in 2013, $100 million in 2014, and $100 million in 2015.

18.     Moreover, RCRV has consistently promoted the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark as indicators of source for ROCK REVIVAL jeanswear products, and RCRV has expended substantial amounts of money promoting these marks as indicators of source for its goods.  In particular, the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark have enjoyed coverage in leading mainstream and fashion publications in the United States.  For example, the leading fashion industry publication *Women's Wear Daily* listed ROCK REVIVAL as the tenth most searched-for denim brand in its April 2009 edition and November 2009 edition focusing on jeanswear rear pocket designs.

19.     The INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark are featured on nearly all RCRV jeanswear products, and RCRV's retail customers consistently recognize the INVERTED FLEUR-DE-LIS DESIGN and SIDE ARROW STITCH DESIGN as RCRV's "signatures" and/or "trademarks."

20.     Further, celebrities have repeatedly been seen wearing RCRV jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark, creating millions of commercial "impressions" of the design, including Steven Tyler, lead singer of the famous rock band Aerosmith, in *Rolling Stone* magazine; Halle Berry, the Oscar winning actress, in *US Weekly*; Teri Hatcher on the popular television show *Desperate Housewives*; Casey James, a

finalist on the then-number one rated television show *American Idol*; and Hines Ward, the former National Football League star and *Dancing With The Stars* winner.

21.     Accordingly, in addition to being, in and of themselves, inherently distinctive, the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark have, through extensive sales, promotion and media coverage of ROCK REVIVAL jeanswear, come to identify RCRV as the exclusive source of such products.  As a result of RCRV's broad media exposure, and the uninterrupted and continuing promotion and sale of ROCK REVIVAL jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark, these designs have acquired distinctiveness, and have developed a strong secondary meaning among consumers and the trade, immediately identifying RCRV as the exclusive source of products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark and/or SIDE ARROW STITCH DESIGN Trademark, and signifying goodwill of incalculable value.

## DEFENDANTS' INFRINGING CONDUCT

22.     Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of the exclusive association of the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark with RCRV, as well as RCRV's exclusive right to use such marks and the goodwill associated therewith.

23.     Upon information and belief, Defendants are currently, and at all times relevant hereto have been engaged in the business of designing, creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling jeanswear products.

24.     Upon information and belief, Defendants are designing, creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, or causing to be designed, created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale

and/or sold, without authorization or license from RCRV, jeanswear products bearing designs that are substantially indistinguishable from and/or confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark (the "Infringing Designs").

25.    A photograph of the inverted fleur-de-lis design used by Defendants on their  jeanswear products, which design is substantially indistinguishable from and/or confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, is attached hereto as Exhibit C.  A comparison of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark and an example of Defendants' jeanswear bearing the Infringing Design is set forth below:



| RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark | | Defendants' Infringing Design |

26.    A photograph of the side arrow stitch design used by Defendants on their jeanswear products, which design is substantially indistinguishable from and/or confusingly similar to RCRV's SIDE ARROW STITCH DESIGN Trademark, is attached hereto as Exhibit D.  A photographic comparison of RCRV's SIDE ARROW STITCH DESIGN Trademark and an example of Defendants' jeanswear bearing the Infringing Design is set forth below:

| RCRV's SIDE ARROW STITCH DESIGN Trademark | | Defendants' Infringing Design |

27.     Upon information and belief, Defendants have created, distributed, supplied, advertised, promoted, offered for sale and/or sold, or caused to be created, distributed, supplied, advertised, promoted, offered for sale and/or sold, jeanswear products bearing the Infringing Designs at wholesale to retail outlets throughout the United States, including outlets located in this judicial district.

28.     Rather than going to the effort and expense of developing and creating their own unique, source-identifying designs, Defendants have deliberately, knowingly and faithfully emulated RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark.  As a result, the jeanswear products bearing the Infringing Designs are likely to cause consumers, either at the point-of-sale or in the post-sale environment, to believe that such products are authorized, sponsored, approved, endorsed or licensed by RCRV, or are in some other way affiliated, associated, or connected with RCRV.

29.     Upon information and belief, Defendants were aware that RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark are well-known designs of RCRV at the time they began using the Infringing Designs on their jeanswear products.  Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for RCRV's rights in and to the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark.

30.     Upon information and belief, Defendants intend to continue to design, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Designs, unless otherwise restrained by this Court.

31.     Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the RCRV's INVERTED FLEUR-DE-LIS

DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark to identify RCRV as the exclusive source of goods to which such marks are affixed.

## FIRST CLAIM FOR RELIEF

## TRADEMARK COUNTERFEITING & INFRINGEMENT (15 U.S.C. § 1114)

32.     The allegations set forth in paragraphs 1 through 31 hereof are adopted and incorporated by reference as if fully set forth herein.

33.     By the acts alleged herein, Defendants are using a mark that is substantially indistinguishable from, and/or confusingly similar to, RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and have counterfeited and/or infringed, and continue to counterfeit and/or infringe, the INVERTED FLEUR-DE-LIS DESIGN Trademark, in violation of 15 U.S.C. § 1114.

34.     Upon information and belief, Defendants' use of a mark that is substantially indistinguishable from, and/or confusingly similar to, the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such counterfeited and/or infringing design mark, or as to a possible affiliation, connection or association between RCRV and Defendants' jeanswear line.

35.     Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the INVERTED FLEUR-DE-LIS DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

36.     Defendants' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

37.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully counterfeit and/or infringe RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, unless restrained by this Court.

38.     Upon information and belief, by their willful acts, Defendants have

made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

39.    Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## TRADEMARK COUNTERFEITING & INFRINGEMENT (15 U.S.C. § 1114)

40.    The allegations set forth in paragraphs 1 through 39 hereof are adopted and incorporated by reference as if fully set forth herein.

41.    By the acts alleged herein, Defendants are using a mark that is substantially indistinguishable from, and/or confusingly similar to, RCRV's SIDE ARROW STITCH DESIGN Trademark, and have counterfeited and/or infringed, and continue to counterfeit and/or infringe, the SIDE ARROW STITCH DESIGN Trademark, in violation of 15 U.S.C. § 1114.

42.    Upon information and belief, Defendants' use of a mark that is substantially indistinguishable from, and/or confusingly similar to, the SIDE ARROW STITCH DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such counterfeited and/or infringing design mark, or as to a possible affiliation, connection or association between RCRV and Defendants' jeanswear line.

43.    Upon information and belief, Defendants have acted with knowledge of RCRV's ownership of the SIDE ARROW STITCH DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

44.    Defendants' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

45.    Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully counterfeit and/or infringe RCRV's SIDE ARROW STITCH DESIGN Trademark, unless restrained by this Court.

46.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

47.     Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

48.     The allegations set forth in paragraphs 1 through 47 hereof are adopted and incorporated by reference as if fully set forth herein.

49.     Upon information and belief, Defendants' use of marks that are substantially indistinguishable from, and/or confusingly similar to, the INVERTED FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause, confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between RCRV and Defendants, and/or between RCRV and such products.

50.     Defendants' conduct, as aforementioned, constitutes a willful false designation of the origin of the products bearing the Infringing Designs, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

51.     Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of their products, as aforesaid, unless restrained by this Court.

52.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

53.     Defendants' acts have irreparably damaged and, unless enjoined, will

1    continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

2                          **FOURTH CLAIM FOR RELIEF**

3                 **COMMON LAW TRADEMARK INFRINGEMENT**

4                        **AND UNFAIR COMPETITION**

5          54.    The allegations set forth in paragraphs 1 through 53 hereof are adopted

6    and incorporated by reference as if fully set forth herein.

7          55.    By deliberately designing, manufacturing, importing, exporting,

8    distributing, supplying, promoting, advertising, offering for sale and/or selling

9    jeanswear products bearing the Infringing Designs, Defendants are deceptively

10   attempting to "pass off" their products as those of RCRV, or as somehow related to or

11   associated with, or sponsored or endorsed by RCRV, thereby exploiting RCRV's

12   reputation and goodwill in the marketplace.

13         56.    Defendants' acts and conduct are likely to cause confusion, mistake and

14   deception among the general consuming public and the trade as to the source of

15   Defendants' products bearing the Infringing Designs, or as to a possible affiliation,

16   connection or association between RCRV and Defendants, and/or between RCRV

17   and Defendants' products bearing the Infringing Designs, in violation of RCRV's

18   rights under the common law of the State of California.

19         57.    Upon information and belief, by their actions, Defendants intend to

20   continue their infringing and unfairly competitive acts, unless restrained by this

21   Court.

22         58.    Upon information and belief, by their willful acts, Defendants have

23   made and will continue to make substantial profits and gains to which they are not in

24   law or equity entitled.

25         59.    Defendants' acts have irreparably damaged and, unless enjoined, will

26   continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

27         60.    Pursuant to the common law of the State of California, RCRV is entitled

28   to injunctive relief and an award of damages and/or Defendants' profits resulting

                                        13

1    from Defendants' willful conduct.

2         61.    RCRV is further informed and believes that Defendants' conduct was

3    oppressive, fraudulent and malicious, and is thereby entitled to an award of punitive

4    damages.

5                          **FIFTH CLAIM FOR RELIEF**

6                     **CALIFORNIA UNFAIR COMPETITION**

7                     **(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

8         62.    The allegations set forth in paragraphs 1 through 61 hereof are adopted

9    and incorporated by reference as if fully set forth herein.

10        63.    The aforesaid acts of Defendants constitute unlawful, unfair, or

11   fraudulent unfair competition in violation of California Business & Professions Code

12   §§ 17200 *et seq.*

13        64.    Upon information and belief, RCRV has standing to assert this claim

14   under California Business & Professions Code §§ 17200 *et seq.* because its monetary

15   and property interests have been damaged by the aforesaid actions of Defendants.  By

16   way of example, upon information and belief, RCRV has lost sales of its jeanswear

17   products due to Defendants' aforesaid conduct, and/or the value of INVERTED

18   FLEUR-DE-LIS DESIGN Trademark and SIDE ARROW STITCH DESIGN

19   Trademark has been diminished by Defendants' actions.

20        65.    Upon information and belief, by their actions, Defendants intend to

21   continue their unfairly competitive conduct, unless restrained by this Court.

22        66.    Upon information and belief, by their willful acts, Defendants have

23   made and will continue to make substantial profits and gains to which they are not in

24   law or equity entitled.

25        67.    Defendants' acts have irreparably damaged and, unless enjoined, will

26   continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

27        68.    Pursuant to California Business & Professions Code §§ 17200 *et seq.*,

28   RCRV is entitled to injunctive relief and an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RCRV demands judgment against Defendants as follows:

1.     Finding that, (a) as to Count 1, Defendants engaged in willful trademark counterfeiting and/or infringement of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark in violation of 15 U.S.C. § 1114; (b) as to Count 2, Defendants engaged in willful trademark counterfeiting and/or infringement of RCRV's SIDE ARROW STITCH DESIGN Trademark in violation of 15 U.S.C. § 1114; (c) as to Count 3, Defendants engaged in willful false designation of origin and unfair competition as against RCRV in violation of 15 U.S.C. § 1125(a); (d) as to Count 4, Defendants engaged in willful trademark infringement and unfair competition under the common law of the State of California against RCRV; and (e) as to Count 5, Defendants engaged in willful unfair competition in violation of California Business & Professional Code §§ 17200 *et seq.* against RCRV.

2.     That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

     (a)     Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, marketing, offering for sale and/or selling any products which bear the Infringing Design, or any other designs confusingly similar in overall appearance to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and engaging in any other activity constituting an infringement of any of RCRV's rights in and to the INVERTED FLEUR-DE-LIS DESIGN Trademark;

     (b)     Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, marketing, offering for sale and/or selling any products which bear the Infringing Design, or any other designs confusingly similar in overall appearance to RCRV's SIDE ARROW STITCH DESIGN Trademark, and

engaging in any other activity constituting an infringement of any of RCRV's rights in and to the SIDE ARROW STITCH DESIGN Trademark; and

(c)   Engaging in any activity constituting unfair competition with RCRV, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with RCRV.

3.   That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Designs have been designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, marketed, offered for sale and/or sold by RCRV, have been authorized by RCRV, or are related to or associated in any way with RCRV or its products.

4.   That Defendants be required to recall all products, and any advertising and promotional materials, which bear the Infringing Designs, and thereafter to deliver up for destruction all such products and advertising and promotional materials, and any means of making such items.

5.   That Defendants be directed to file with the Court and serve upon RCRV, within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6.   That the Court award RCRV (a) Defendants' profits and RCRV's damages to the full extent provided for under 15 U.S.C. § 1117, with any monetary relief to be trebled, or, in the alternative with respect to RCRV's counterfeiting claims, at RCRV's election, statutory damages of up to $2 million per mark; (b) attorneys' fees and injunctive and other equitable relief, to the full extent provided for by California Business & Professions Code §§ 17200 *et seq.*, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent

business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (c) actual and punitive damages as provided under the common law of the State of California; and (d) RCRV's attorneys' fees and litigation-related expenses incurred herein.

      7.    That RCRV be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

      8.    That RCRV be awarded such additional and further relief as the Court deems just and proper.

Dated:  April 25, 2016          ARNOLD & PORTER LLP


             By:  /s/ Eric D. Mason          
                JOHN C. ULIN
                John.Ulin@aporter.com
                ERIC D. MASON
                Eric.Mason@aporter.com
                LOUIS S. EDERER
                Louis.Ederer@aporter.com
                MATTHEW T. SALZMANN
                Matthew.Salzmann@aporter.com

                *Attorneys for Plaintiff*
                *RCRV, Inc. d/b/a Rock Revival*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,248,371**

**Registered Nov. 27, 2012**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

RCRV, INC. (CALIFORNIA CORPORATION)
4715 S. ALAMEDA STREET
LOS ANGELES, CA 90058

FOR: APPAREL, NAMELY, JEANS, SHORTS AND SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-23-2005; IN COMMERCE 3-17-2006.

THE MARK CONSISTS OF A THREE-DIMENSIONAL DESIGN FEATURE CONSISTING OF A STYLIZED INVERTED FLEUR DE LIS DESIGN STITCHED ON THE BACK POCKET OF A JEANS PRODUCT, DEPICTED IN THE DRAWING AS A SOLID BLACK LINE. THE DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT PART OF THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-330,951, FILED 5-26-2011.

MARK SPARACINO, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1

**EXHIBIT B**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





**United States of America**

United States Patent and Trademark Office

**Reg. No. 4,200,810**   RCRV, INC. (CALIFORNIA CORPORATION)
                                             4715 S. ALAMEDA STREET
**Registered Sep. 4, 2012**   LOS ANGELES, CA 90058

**Int. Cl.: 25**   FOR: APPAREL, NAMELY, JEANS, SHORTS AND SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

**TRADEMARK**   FIRST USE 11-23-2005; IN COMMERCE 3-17-2006.

**PRINCIPAL REGISTER**   THE MARK CONSISTS OF A THREE-DIMENSIONAL DESIGN FEATURE CONSISTING OF A STYLIZED ARROW DESIGN STITCHED ALONG THE OUTSEAM OF A JEANS PRODUCT, DEPICTED IN THE DRAWING AS A SOLID BLACK LINE. THE DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE MARK AND IS NOT PART OF THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 85-330,876, FILED 5-26-2011.

MARK SPARACINO, EXAMINING ATTORNEY

Director of the United States Patent and Trademark Office

EXHIBIT B
20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**EXHIBIT C**





EXHIBIT C

1

## **EXHIBIT D**



EXHIBIT D