JOHN C. ULIN (State Bar No. 165524)
John.Ulin@aporter.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
LOUIS S. EDERER (*Pro Hac Vice*)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice*)
Matthew.Salzmann@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000; Facsimile: (213) 243-4199

*Attorneys for Plaintiff RCRV, Inc. d/b/a Rock Revival*

MICHAEL E. WEINSTEN (State Bar No. 155680)
mweinsten@lavelysinger.com
HENRY L. SELF III (State Bar No. 223153)
hself@lavelysinger.com
LINDSAY D. MOLNAR (State Bar No. 275156)
lmolnar@lavelysinger.com
LAVELY & SINGER
Professional Corporation
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone: (310) 556-3501; Facsimile: (310) 556-3615

*Attorneys for Defendants Gracing Inc.*
*d/b/a Grace In LA and Jordan Outdoor Enterprises, Ltd.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RCRV, INC. d/b/a ROCK REVIVAL, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> GRACING INC. d/b/a GRACE IN LA, a California corporation, JORDAN OUTDOOR ENTERPRISES, LTD., a Georgia corporation, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10, <br><br> Defendants. | Case No.: 2:16-cv-02829-R (AFMx) <br><br> Hon. Manuel L. Real <br><br> **STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF DOCUMENTS OR INFORMATION** <br><br> Complaint Filed:  April 25, 2016 <br><br> **DISCOVERY MATTER** |

In connection with the production of confidential documents and other confidential information in this action, plaintiff RCRV, Inc. d/b/a Rock Revival ("Plaintiff") and defendants Gracing Inc. d/b/a Grace In LA and Jordan Outdoor Enterprises, Ltd. ("Defendants"), through their respective counsel, hereby enter into this Stipulated Protective Order for Confidential Treatment of Documents or Information (the "Stipulated Protective Order").

**Statement of Good Cause:**   This action involves claims for, among other things, trademark infringement, unfair competition and cancellation under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, common law trademark infringement and unfair competition under California law.   The parties are variously designers, distributors, suppliers, manufacturers, vendors, and retailers of jeanswear and other casual apparel items.   The parties therefore recognize that discovery requesting information from the parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's and Defendants' claims and defenses. There will also be depositions of the parties' employees or agents and third party vendors, customers or clients, and such persons will likely be asked questions on these potentially sensitive subject areas.   The parties will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other parties and/or the public at large.   This Stipulated Protective Order is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein.   This Stipulated Protective Order is also necessary for the orderly management of this litigation.   Without this Stipulated Protective Order, the exchange of party information, as well as information potentially needed from third parties, including most importantly the parties' manufacturers, vendors, suppliers, customers or retailers, may become logistically very difficult, time consuming and expensive.

**Exercise of Restraint and Care in Designating Material for Protection**: Each party or non-party that designates documents or information for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only the documents or information that qualifies. In that regard, mass and/or indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions.

**A.     Definition of "Confidential Information"**

1.     "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

a.     is protected as a "Trade Secret" under the Uniform Trade Secrets Act, California Civil Code sections 3426 *et. seq.*, as defined at section 3426.1(d): "[I]nformation, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstance to maintain its secrecy"; or

b.     is otherwise properly and in good faith regarded by a party as being confidential, private, or proprietary in nature, including for example personal and private information regarding individuals such as personnel records.

c.     As illustrative examples only, the parties anticipate that the following descriptive categories will be designated as Confidential Information under this Stipulated Protective Order: employee records and information; customer lists; current business plans; and financial information of the parties; and proprietary

fabric/style specifications and unpublished designs.

2.      Confidential Information is unlimited in kind or form and includes, by way of example only and without limitation thereto, confidential information relating to the following: any products, designs, specifications, tests, plans, studies, surveys, manufacture, distribution, marketing, promotion, advertisement, sales, opportunities, vendors, customers, financial matters, costs, sources, prices, profits, research, development, analysis, know-how, show-how, personnel, strategies, or competition.

3.      This Stipulated Protective Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Stipulated Protective Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Stipulated Protective Order.

**B.**    **Production of Confidential Information**

1.      All efforts by any party or witness in this matter to designate any information as "Confidential" shall be governed by the terms of this Stipulated Protective Order. The party or witness by whom any disclosure is made is the "Disclosing Party" and the party to whom any disclosure is made is the "Receiving Party." By receiving any property designated as "Confidential," the Receiving Party agrees not to disclose, publish, disseminate, or use, other than as expressly permitted herein, any such property and will assure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication or dissemination of such property.

2.      All Confidential Information produced by the Disclosing Party to the Receiving Party in whatever form (*e.g.*, documents, materials, things, testimony or other information) during the course of this matter shall be designated "Confidential" in accordance with the terms of this Stipulated Protective Order, *infra*, prior to

disclosure, by use of a reasonably conspicuous and prominent mark.  In the case of documents, the mark shall be on every page.

**C.    Restrictions On the Disclosure of Confidential Information**

Information designated as "Confidential" shall be restricted to viewing, or copying by, and disclosure to:

1.    attorneys acting on behalf of the parties in this matter;

2.    in-house counsel for the parties;

3.    officers, directors or employees of each party who counsel have made a good faith and reasonable determination need to know the information in order to assist such counsel with the litigation, but only if such officer, director or employee complies with this Stipulated Protective Order in full and reads, signs, and agrees to be bound by all of its terms, and does not disclose any such documents or information to any other officer, director or employee unless authorized and instructed by the party's counsel;

4.    the office personnel employed by the counsel working under the direct supervision of said counsel;

5.    the authors and the original recipients of the document;

6.    the United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending;

7.    experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this Stipulated Protective Order in full and read, sign, and agree to be bound by all of its terms; and

8.      employees of copy services or database services, trial support firms, or similar vendors who are engaged by the parties during the litigation of this action.

**D.      Depositions**

1.      Any party may designate testimony on oral deposition as "Confidential."  The designation of such testimony may be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2.      Once testimony has been designated as "Confidential," only the following persons shall be present for the answer:

a.      persons authorized under this Stipulated Protective Order;

b.      the deponent; and

c.      the reporter and videographer.

3.      Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts — by the various levels of confidentiality — and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4.      A deponent and/or party shall have until ten (10) days after receipt of a deposition transcript to designate additional portions of the transcript under this Stipulated Protective Order.

5.      Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6.      Prior to the expiration of ten (10) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Confidential" and the deponent.

**E.    Items Filed with the Court**

If a party or any other person subject to this order wishes to file or lodge with the Court any document that contains or attaches any Confidential Information, or any document that contains, reflects or summarizes Confidential Information, that party or person shall comply with the procedures set forth in Local Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California [Filing Under Seal - Procedures].

**F.    Inadvertent Disclosure**

1.    The inadvertent or unintentional disclosure of "Confidential" information, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection under this Stipulated Protective Order either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection informs the opposing parties of its claim within a reasonable time.

2.    If notified of the inadvertent or unintentional disclosure of Confidential Information as described in the above paragraph, the Receiving Party shall promptly sequester and protect any protected information identified by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection. If the Receiving Party disclosed the protected information before being notified of the Disclosing Party's claim of protection, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

3.    If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies (including by not limited to electronic copies) of that document

shall be destroyed. The party returning such information may move the Court for an order pursuant to Local Rules 37.1 and 37.2, compelling production of such information, but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

### G.    Acknowledgment of Order

Each person required by this Stipulated Protective Order to sign a statement agreeing to be bound by the Order must sign the statement set forth in Exhibit A to this Order and deliver the executed statement to the Disclosing Party.

### H.    Agreement of Parties to Order

All parties to this action, their counsel, and all other persons subject to this Stipulated Protective Order shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

This Stipulated Protective Order is not intended to govern the use of Confidential Information at any trial of this action.  Questions of the protection of Confidential Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

### I.    Continuing Effect of Order

Unless counsel agrees otherwise in writing, within ninety (90) days of the final disposition of this action, whether by final adjudication on the merits, including any appeals, or by other means, the attorneys for the parties shall return promptly to the Disclosing Party from whom they were obtained, all documents, other than attorney work-product and communications protected by the attorney-client privilege, which constitute or include material that has been designated "Confidential," or destroy the same, and return or destroy all copies made thereof, including all documents, or copies provided by a Receiving Party to any other person.  At the conclusion of the 90-day period, counsel for each party shall represent in writing that to his or her knowledge

and belief the party has either returned or destroyed all Confidential Material in accordance with this order. Notwithstanding the foregoing, counsel for the parties shall be permitted to retain a file copy of materials produced in discovery or created during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court and a copy of all depositions, including exhibits, and deposition evaluations. Such file copies containing Confidential Information must be maintained under the conditions set forth in this order for such designated materials.

**J.    Additional Relief**

No party is prevented from seeking relief not provided by this Stipulated Protective Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

**K.    Challenging Designation of Materials**

1.    Any Receiving Party disagreeing with the designation of any document or information as "Confidential" shall notify the Disclosing Party in writing. The Disclosing Party shall then have a reasonable period, not exceeding ten (10) court days, from the date of receipt of such notice to advise the Receiving Party in writing (a) whether or not the Disclosing Party persists in such designation; and (b) if the Disclosing Party persists in the designation, to explain the reasons for the particular designation. The Receiving Party may then advise the Disclosing Party in writing that it disputes such designation. The Disclosing Party may then move the Court for an order confirming the particular designation or replacing it with a different designation. The procedure detailed in this paragraph is deemed to comply with the meet and confer process required by Rule 37 of the Local Rules of the United States District Court for the Central District of California. The parties do not have to meet in person on this issue. Thereafter, the parties shall comply with the requirements of Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of the United States District Court for the Central District of California governing discovery motions. The

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

Designating Party who asserts that the document or information is "Confidential" shall have the initial burden of proving that the designation is proper. Information designated "Confidential" by a Disclosing Party shall be treated as such by a Receiving Party unless otherwise agreed to by the parties or otherwise ordered by the Court or by any appellate court, should appellate review be sought.

2.      The failure of a Receiving Party to challenge expressly a claim of confidentiality or the designation of any document or information as "Confidential" at the time of disclosure shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not appropriately designated for any reason.

3.      Except as set forth in Paragraph K.1 above regarding the "meet and confer" procedure for challenging the designations of any materials under the Stipulated Protective Order, Local Rule 37 governs the procedure for resolving any disputes related to this Protective Order.

**L.      Use for This Litigation Only**

1.      Items designated under this Stipulated Protective Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2.      In the event that any party and/or recipient of Confidential Information pursuant to this Stipulated Protective Order is served with subpoena, legal process, order, or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and in writing, as soon as practicable but in any event sufficiently prior to the requested disclosure, to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law. The party asserting the confidential treatment of the

1  Confidential Information shall have the burden of defending against any such
2  subpoena, legal process or order.   Nothing in this Order shall be construed as
3  authorizing a party to disobey a lawful subpoena issued in another action.

4  **M.   Prior Orders**

5  This Stipulated Protective Order shall not affect any prior order of the Court.

6  **N.   Execution and Counterpart**

7  This Stipulated Protective Order may be executed in one or more counterparts,
8  each of which shall be deemed to be an original, but all of which together shall
9  constitute one and the same instrument. Electronic signatures of any party upon the
10  signature page of this Stipulated Protective Order shall be binding upon the parties
11  hereto and may be submitted as though such signatures were original signatures.

12  **O.   Submission to Court**

13  The Parties agree to submit this Stipulated Protective Order to the Court for
14  adoption as an order of the Court.   The Parties reserve the right to seek, upon good
15  cause, modification of this Stipulated Protective Order by the Court.

16

17  **IT IS SO ORDERED.**

18

19

20  Date:  September 22, 2016

21  _____
    Hon. Manuel L. Real
    **United States District Judge**

22

23

24

25

26

27

28

---
10
STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

1

2

3

ARNOLD & PORTER LLP                          LAVELY & SINGER
                                             Professional Corporation

4

By:   /s/ Eric D. Mason                      By:   /s/ Henry L. Self III

5

     John C. Ulin                                 Michael E. Weinsten
     Eric D. Mason                                Henry L. Self III

6

     Louis S. Ederer                              Lindsay D. Molnar
     Matthew T. Salzmann                          2049 Century Park East, Suite 2400

7

     777 South Figueroa St., 44th Fl.             Los Angeles, CA 90067-2906
     Los Angeles, CA  90017-5844                  Telephone: (310) 556-3615

8

     Telephone: (213) 243-4000

9

     *Counsel for Plaintiff*                       *Counsel for Defendants*

10

11

Dated: September 16, 2016                    Dated: September 16, 2016

12

13

          Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories

14

listed, and on whose behalf this filing is submitted, concur in the filing's content and

15

have authorized the filing.

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL TREATMENT OF
DOCUMENTS OR INFORMATION

# <u>EXHIBIT A</u>

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *RCRV, Inc. d/b/a Rock Revival v. Gracing, Inc. d/b/a Grace in LA, et al.*, Case No. 16-cv-02829-R (AFMx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2016

City and State where sworn and signed: _____

Signed: _____          _____
        [Print Name]                [Signature]